CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 22 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID EUGENE JOHNSON, DONALD LEE ANDERSON, JAMES EUGENE BLANKENSHIP, JEFFREY BOLLING BREEDLOVE, BRIAN DAVIS CALLAWAY, DAVID JEFFREY CLARK, MICHAEL EDWARD CLYBURN, RANDY RALPH FEURY, STEVEN TROY FISHER, JESSE ALLEN HEDRICK, ROBERT YANCEY HUMPHREYS, DENNIS OWEN LIGHT, WALLACE R. McMILLAN, JR., JERRY SINK, JIMMY SNYDER, DAVID ALLEN WELCH, and DAVID LEE WEST,<br><br>Plaintiffs,<br><br>v.<br><br>ATLAS LOGISTICS GROUP RETAIL SERVICES, LLC d/b/a ATLAS RETAIL SERVICES, LLC,<br><br>Defendant. | No. 7:11-CV-00552 |

## COMPLAINT

David Eugene Johnson, Donald Lee Anderson, James Eugene Blankenship, Jeffrey Bolling Breedlove, Brian Davis Callaway, David Jeffrey Clark, Michael Edward Clyburn, Randy Ralph Feury, Steven Troy Fisher, Jesse Allen Hedrick, Robert Yancey Humphreys, Dennis Owen Light, Wallace R. McMillan, Jr., Jerry Sink, Jimmy Snyder, David Allen Welch, and David Lee West, hereinafter, "the Plaintiffs," by counsel, state as their Complaint

against Atlas Logistics Group Retail Services, LLC, doing business as Atlas Retail Services, LLC, hereinafter, "Atlas," the following:

### I. JURISDICTION

1. This suit is predicated upon breaches of collective bargaining unit contracts executed between the Plaintiffs and Atlas and is therefore filed pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185.

### II. FACTUAL ALLEGATIONS

3. The Plaintiffs either currently work or have worked as employees, to-wit, "Porters," for Atlas, an international company with headquarters in Toronto, Canada, incorporated in Delaware, and doing business at 2800 Garman Road in Salem, Virginia.

4. Atlas operates as a business that contracts with large companies to supply labor force to suit that company's needs. Atlas also manages the labor force.

5. All of the Plaintiffs, while employed by Atlas, were members of a collective bargaining unit dubbed, "Teamsters Local Union No. 171."

6. All of the Plaintiffs worked for Atlas at a warehouse located in Salem, Virginia.

7. Some of the Plaintiffs worked directly for grocery retail chain Kroger until Kroger subcontracted the work performed by the Plaintiffs to Atlas, (then, doing business as "CSI" or "CS Integrated Retail Services, LLC") in 1999. All Plaintiffs then working for Kroger became Atlas employees.

8. In February of 1999, the Plaintiffs then working for Kroger entered into an employment contract, hereinafter, "Contract 1," with Atlas (then, doing business as "CSI" or "CS Integrated Retail Services, LLC"). This contract has been appended to this Complaint as "**Exhibit A**" and made a part hereof.

9. Article 14 of Contract 1 provides the wages that Porters would be paid in consideration of their services to Atlas.

10. Article 14 of Contract 1 lists Porters as "Sanitation" employees.

11. Article 14 of Contract 1 provides the following hourly wage schedule:

    Effective Date: 1/31/99: Wage: $11.10

    Effective Date: 1/17/00: Wage: $11.35

    Effective Date: 1/17/01: Wage: $11.50

    Effective Date: 1/17/02: Wage: $11.65

    Effective Date: 1/17/03: Wage: $11.90

    Effective Date: 1/17/04: Wage: $12.20

    Effective Date: 1/17/05: Wage: $12.50

12. Article 15 of Contract 1 provides that Atlas may establish an incentive plan which shall provide pay in addition to the employees' base hourly rate.

13. In 2004, the Plaintiffs renegotiated their employment contract with Atlas.

14. In 2004, Plaintiffs then working for Atlas entered into an employment contract, hereinafter, "Contract 2," with Atlas. An unsigned copy of this contract has been appended to this Complaint as "**Exhibit B**" and made a part hereof.

15. Article 14 of Contract 2 provides the wages that Porters were to be paid in consideration for their services to Atlas.

16. Article 14 of Contract 2 lists Porters as "Sanitation" employees.

17. Article 14 of Contract 2 provides three sections, each with an hourly wage schedule, that applied to the Plaintiffs then working for Atlas. The three schedules provide different wages for the Plaintiffs who had been hired by Atlas after February 1, 1999, and those who had been hired prior to February 1, 1999.

18. Article 14 of Contract 2 provides the following hourly wage schedule for the Plaintiffs hired after February 1, 1999:

>Effective Date: 9/03/04: Wage: $12.40
>
>Effective Date: 1/15/05: Wage: $12.70
>
>Effective Date: 1/15/06: Wage: $13.20
>
>Effective Date: 1/14/07: Wage: $13.55
>
>Effective Date: 1/13/08: Wage: $13.90
>
>Effective Date: 1/18/09: Wage: $14.25
>
>Effective Date: 1/17/10: Wage: $14.60

19. Article 14 of Contract 2 provides the following hourly wage schedule for the Plaintiffs hired prior to February 1, 1999:

>Effective Date: 9/03/04: Wage: $14.40
>
>Effective Date: 1/15/05: Wage: $14.70
>
>Effective Date: 1/15/06: Wage: $15.20

<u>Effective Date</u>: 1/14/07:  <u>Wage</u>: $15.55

<u>Effective Date</u>: 1/13/08:  <u>Wage</u>: $15.90

<u>Effective Date</u>: 1/18/09:  <u>Wage</u>: $16.25

<u>Effective Date</u>: 1/17/10:  <u>Wage</u>: $16.60

20. Section 3 of Article 14 of Contract 2 provides that the starting hourly wage for sanitation employees hired after the date of ratification of Contract 2 would be $9.25.

21. Section 3 of Article 14 of Contract 2 further provides that sanitation employees hired after the ratification of Contract 2 would receive incremental raises in pay over time. Section 3 of Article 14 of Contract 2 provides the following pay schedule:

Start: $9.25

After 3 months: $9.50

After 6 months: $10.00

After 12 months: $10.50

After 18 months: $11.00

After 24 months: $11.50

After 30 months: $12.00

After 36 months: Scale

22. Article 15 of Contract 2 provides that Atlas may establish an incentive plan which shall provide pay in addition to the employees' base hourly rate.

5

23. In 2011, the Plaintiffs renegotiated their employment contract with Atlas.

24. In 2011, Plaintiffs then working for Atlas entered into an employment contract, hereinafter, "Contract 3," with Atlas. A copy of this contract has been appended to this Complaint as "**Exhibit C**" and made a part hereof.

25. Article 18 of Contract 3 provides the wages that Porters were to be paid in consideration for their services to Atlas.

26. Article 18 of Contract 3 lists Porters as "Sanitation" employees.

27. Article 18 of Contract 3 provides three sections, each with an hourly wage schedule, that applied to the Plaintiffs then working for Atlas. The three schedules provide different wages for the Plaintiffs who had been hired by Atlas after February 1, 1999, and those who had been hired prior to February 1, 1999.

28. Article 18 of Contract 3 provides the following hourly wage schedule for the Plaintiffs hired after February 1, 1999, who had worked the necessary duration to receive the "full scale" pay:

> Effective Date: Ratification of Contract: Wage: $15.35
>
> Effective Date: 1/1/12: Wage: $16.10
>
> Effective Date: 1/1/13: Wage: $16.85
>
> Effective Date: 1/1/14: Wage: $17.60

29. Article 18 of Contract 3 provides the following hourly wage schedule for the Plaintiffs hired prior February 1, 1999:

> Effective Date: Ratification of Contract: Wage: $17.10

Effective Date: 1/1/12: Wage: $17.60

Effective Date: 1/1/13: Wage: $18.10

Effective Date: 1/1/14: Wage: $18.60

30. Article 18 of Contract 3 further provided that sanitation employees hired after the ratification of Contract 3 would receive incremental raises in pay over time. Section 3 of Article 18 of Contract 3 provided the following pay schedule:

Start: $12.00

After 3 months: $12.50

After 6 months: $13.00

After 12 months: $13.50

After 24 months: $14.00

After 36 months: Scale

31. Article 19 of Contract 3 provides that Atlas may establish an incentive plan which shall provide pay in addition to the employees' base hourly rate.

32. At all times relevant to their employment with Atlas and/or CSI and/or CS Integrated Retail Services, LLC, the Plaintiffs were entitled to an additional $1.00 per hour pursuant to the incentive plans outlined in Contract 1, Contract 2 and Contract 3.

33. At all times relevant to their employment with Atlas, the Plaintiffs were paid $1.00 less per hour than the amounts to which they were entitled pursuant to Contract 1, Contract 2 and Contract 3.

34. At all times relevant to their employment with Atlas, the Plaintiffs were not paid the additional $1.00 per hour pursuant to the incentive plans outlined in Contract 1, Contract 2 and Contract 3.

35. In 2010 Atlas admitted that they had breached Contract 1, Contract 2 and Contract 3 and began paying the Plaintiffs the correct wages.

36. In 2010 Atlas admitted that they had failed to pay the Plaintiffs an additional $1.00 per hour pursuant to the applicable wage scale since Contract 1 became effective in 1999.

37. In 2010 Atlas admitted that they had failed to pay the Plaintiffs an additional $1.00 per hour pursuant to the incentive plans. Atlas admitted that they had failed to pay this amount since Contract 1 became effective in 1999.

38. Atlas denied the Plaintiffs' request to pay any backpay.

39. On May 5, 2010, the Plaintiffs filed an administrative grievance against Atlas predicated upon these breaches of Contract 1, Contract 2 and Contract 3 by Atlas.

40. In their administrative grievance, the Plaintiffs demanded all backpay to which they were otherwise entitled pursuant to the applicable contracts.

41. The matter was ultimately sent to the Piedmont Grievance Committee for arbitration.

42. The Piedmont Grievance Committee reached a final decision on July 31, 2011.

43. The Piedmont Grievance Committee did not award the Plaintiffs their backpay.

44. The Plaintiffs have exhausted their administrative remedies.

### III. COUNT I: CLAIM FOR BACKPAY PURSUANT TO § 301 OF THE LABOR MANAGEMENT RELATIONS ACT

45. The Plaintiffs incorporate by reference herein the preceding paragraphs of this Complaint.

46. At all times material hereto, Atlas had an obligation to fulfill the duties of Contract 1, Contract 2 and Contract 3.

47. Atlas failed to fulfill its obligations under the pertinent contracts and committed material breaches of the pertinent contracts.

48. Atlas violated federal law by acting in bad faith to dishonor the terms of the pertinent contracts.

49. Atlas violated federal law by refusing to pay the Plaintiffs the correct wages required under the pertinent contracts.

50. As a direct and proximate result of Atlas' actions, the Plaintiffs have suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

51. Atlas violated the pertinent contracts and, therefore, violated § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

WHEREFORE, the Plaintiffs pray for judgment against Atlas, and for equitable relief, compensatory, liquidated and/or punitive damages, together with prejudgment interest from

the date of each breach of Contract 1, Contract 2 and Contract 3 and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,

Thomas E. Strelka, VA Bar No. 75488
Strickland, Diviney & Strelka
23 Franklin Road
P.O. Box 2866
Roanoke, Virginia 24001
Phone: (540) 982-7787
Fax: (540) 342-2909
Thomas@Strelkalaw.com

Counsel for the Plaintiffs